ROTHENBERG, J.
 

 Maria A. Wimberly (“Wimberly”) appeals from a final order entered by the Florida Public Employees Relations Commission (“PERC”), affirming its General Counsel’s summary dismissal of Wimberly’s unfair labor practice charge filed against Miami-Dade County, Florida Employees Local Number 199 of the American Federation of State, County and Municipal Employees, AFL-CIO (“the Union”). We affirm.
 

 Wimberly worked at the Miami-Dade Fire Rescue Department as a fire safety specialist. On April 20, 2004, Wimberly reported that she was injured when her Miami-Dade County issued vehicle was involved in a hit-and-run accident while parked at the Miami-Dade County Fire Rescue headquarters building. On the following day, April 21, 2004, Wimberly filed a worker’s compensation claim. The Miami-Dade Police Department investigated the alleged accident, and during the investigation, on August 2, 2004, Wimberly gave a sworn statement to the Miami-Dade Public Corruption Investigation Bureau admitting that the alleged hit-and-run accident never occurred. On that same day, Wimberly was criminally charged with filing a false/fraudulent insurance claim, a
 
 *1161
 
 felony, and filing a false crime report to a law enforcement agency, a misdemeanor.
 

 On November 17, 2004, Wimberly was discharged for filing a false worker’s compensation claim and accident report. On November 31, 2004, the Union, through its representative, Lome Battiste (“Battiste”), filed a grievance against Miami-Dade County (“the County”) on Wimberly’s behalf. However, on April 13, 2005, Battiste sent Wimberly a letter notifying her that the Union would no longer represent her in the grievance process against the County because the Union’s investigation revealed that she admitted to filing a false worker’s compensation claim and accident report, and therefore, her grievance was without merit.
 

 Following the Union’s withdrawal of representation, on May 16, 2005, Wimberly filed an unfair labor practice charge against the Union (PERC Case No. CB-2005-014), pursuant to section 447.503, Florida Statutes (2004), alleging, in part, that the Union violated its duty of fair representation. On May 20, 2005, PERC’s General Counsel summarily dismissed Wimberly’s charge with leave to amend, finding that a part of the charge was deficient because it was not accompanied by documentary evidence as required by section 447.503(1), and that two parts of the charge were deficient because there were material inconsistencies between the charge and supporting documentation, and that as a result of the inconsistencies, it was not clear whether the charge was timely filed.
 
 Wimberly v. Miami-Dade County, Fla. Employees Local No. 199,
 
 31 F.P.E.R. ¶ 114 (2005). Moreover, the General Counsel concluded that, based on Wimberly’s admissions, the Union had a rational basis for refusing to process Wim-berly’s grievance, and that the charge did not demonstrate a prima facie violation of section 447.501(2)(a) because the charge did not demonstrate that the Union’s processing of the grievance was arbitrary, discriminatory, or conducted in bad faith.
 
 Id.
 
 The General Counsel notified Wimberly that, within twenty days of the summary dismissal, she may either file an amended charge or appeal the summary dismissal to PERC,
 
 id.,
 
 but Wimberly did neither.
 

 On November 30, 2007, Wimberly was acquitted of filing a false insurance claim, but convicted of filing a false criminal report. Thereafter, in December 2007, Wim-berly notified the Union of the disposition of the criminal charges. In response, by letter dated January 17, 2008, Battiste referred Wimberly to his April 13, 2005 letter, in which he explained that the Union would not represent her in her grievance against the County due to her admissions. Moreover, Battiste’s letter pointed out that, although acquitted of filing a false insurance claim, Wimberly was convicted of filing a false criminal report. Thereafter, on March 21, 2008, the president of the Union, although not required to do so, spoke with the County’s Director of Labor Relations and requested that the County re-open Wimberly’s case based on the outcome of the criminal proceeding. The County declined the request.
 

 On June 11, 2008, Wimberly filed her second unfair labor practice charge against the Union (Case No. CB-2008-020). On June 17, 2008, PERC’s General Counsel summarily dismissed the charge with leave to amend, finding that it was untimely filed, did not contain a summary of the underlying facts, and that the charge and supporting documentation did not demonstrate that the Union “acted arbitrarily, discriminatorily, or in bad faith by refusing to advance Wimberly’s grievance to arbitration,” and therefore, “Wimberly has not demonstrated a prima facie violation of Section 447.501(2)(a), Florida Statutes.”
 
 Wimberly v. Miami-Dade County, Fla. Employees Local No. 199,
 
 34 F.P.E.R.
 
 *1162
 
 ¶ 128, ¶ 129 (2008). On July 2, 2008, Wim-berly filed an amended charge, and on July 9, 2008, PERC’s General Counsel summarily dismissed the amended charge based on Wimberly’s failure to cure the early deficiencies.
 
 Wimberly v. Miami-Dade County, Fla. Employees Local No. 199,
 
 34 F.P.E.R. ¶ 143 (2008). Wimberly was notified that she could appeal the summary dismissal of the amended charge to PERC within twenty days.
 

 On July 30, twenty-one days after the General Counsel entered the summary dismissal, Wimberly filed an amendment to the amended charge, alleging that the Union violated section 447.501(2)(a) and (b), Florida Statutes (2007). PERC treated Wimberly’s amendment to the amended charge as her third unfair labor practice charge (Case No. CB-2008-025) because Wimberly was not granted leave to file an amended charge, and even it were treated as an appeal, it would be untimely as it was filed more than twenty days after the General Counsel entered the summary dismissal of the amended charged. On August 5, 2008, PERC’s General Counsel summarily dismissed Case No. CB-2008-25, finding that it was untimely because Wimberly knew as of April 13, 2005, that the Union would not represent her in her grievance against the County.
 
 Wimberly v. Miami-Dade County, Fla. Employees Local No. 199,
 
 34 F.P.E.R. ¶171, 172 (2008). Moreover, the General Counsel concluded that even if the charge had been timely filed, “the charge fails to demonstrate a prima facie violation of Section 447.501(2)(a) and (b), Florida Statutes.”
 
 Id.
 

 Wimberly filed a timely appeal with PERC, and on September 3, 2008, PERC entered a final order affirming the summary dismissal of Case No. CB-2008-025.
 
 Wimberly v. Miami-Dade County, Fla. Employees Local No. 199,
 
 34 F.P.E.R. ¶ 190 (2008). This appeal followed.
 

 Wimberly raises numerous arguments stemming from the summary dismissals of Case Nos. CB-2005-014 and CB-2008-20. As the instant appeal pertains only to Case No. CB-08-25, those issues are not properly before this Court. Nonetheless, even if properly before this Court, we find that the arguments raised lack merit. As to the only order properly before this Court — PERC’s affirmance of its General Counsel’s summary dismissal in Case No. CB-2008-25 — we affirm because we agree with the General Counsel’s and PERC’s findings that: (1) Wimberly’s
 
 third
 
 unfair labor practice charge was filed beyond the applicable six month limitations period,
 
 see
 
 § 447.503(6)(b), Fla. Stat. (2007) (establishing a six-month limitations period for filing an unfair labor practice charge); and (2) even if timely filed, based on the evidence the Union had at the time — Wimberly’s admission to law enforcement that she filed a false worker’s compensation claim and accident report — the Union’s decision to withdraw representation was rational, and therefore, the Union did not act arbitrarily, discriminatorily, or in bad faith.
 

 Lastly, Wimberly argues that one of the three commissioners who entered the panel opinion issued by PERC should have been disqualified. As this issue was not raised below, it cannot be raised for the first time on appeal. Nonetheless, even if properly preserved for review, we find that the issue lacks merit. Accordingly, we affirm PERC’s final order affirming its General Counsel’s summary dismissal of Case No. CB-2008-25.
 

 Affirmed.